DIXON, Justice,
dissenting from the denial:
Relator is the mother of a normal girl child born Sept. 1974 and a boy child “with medical and learning problems” born April 1971. In an opinion dated Dec. 1, 1976, the trial judge found the father of the children to be unable and unfit to care for the children, and, in spite of “difficulty . to verbalize the reasons for the decision”, found the mother to be “unable, at this point in time, to properly care for her children.”
A rule to change custody was filed by the mother on May 17, 1977, alleging changed circumstances. In an opinion of June 28, 1977 the trial judge granted a separation to the mother, continued a $35 weekly award of alimony pendente lite, and granted custody to the mother with three special conditions with physical custody “not to be given until after Aug. 1, 1977.” The conditions were that the children were to remain under the care of a Dr. Buerger as long as the doctor required, proof of enrollment in a certain school to be furnished the court, along with proof that the mother had her own apartment, before physical custody is granted.
Because the trial judge was about to go on vacation until Aug. 1, arrangements were made through a person, probably a lawyer, to enroll the children in the school and rent an apartment. On June 30 the mother filed a rule to have the conditions declared satisfied. The trial judge denied the request, for the stated reason that he had intended that the mother, herself, fly to California and make the arrangements. The judge did not indicate that he had communicated this intention to the parties.
On Aug. 1 the lawyers met the judge in chambers. The lawyer for the grandmother raised some question about the house the mother had rented, instead of the apartment she had previously arranged for. The judge then made some telephone calls out of the presence of the lawyers, then continued the matter until August 3. On Aug. 3, the matter was continued to Aug. 9, at which time the judge granted respondents a continuance until Sept. 20 in order to take depositions in California. The only showing concerning the purpose of the depositions in the record before us (we have transcript of the proceedings of Aug. 9.) is what the trial judge said. He had called the mother’s new landlord, whose number had been furnished him by the mother, and her “statements .over the telephone just raised questions in the mind of the court.” The substance of the “questions” does not appear in the record, in spite of the fact that the judge knew the record would be reviewed.
On Friday, after reading the application, I had decided to concur in the denial of Writs solely because Sept. 20 is now not so far away. On reflection, however, I cannot. The motion for continuance filed Aug. 5 and sustained Aug. 9 does not disclose what relevant evidence the grandmother might develop by California depositions. There is no shred of evidence in this record, nor contention made by the parties or the judge, that could support the continued refusal to permit this mother to regain the custody of her children.
*866 It is a great injustice to separate a mother from her children without good reason, and a greater injustice to perpetuate the error, once discovered. I would grant the writ, reverse the ruling of the trial court, and order the children surrendered to the mother immediately.